UNITED STATES BANKRUPTCY COURT
WESTERM DISTRICT TENNESSEE
WESTERN DIVISION

In re:

     RYNARD PROPERTIES RIDGECREST, LP         Case No. 14-22674-JDL
     Debtor.                                                 Chapter 11

**MOTION FOR ORDER (I) AUTHORIZING SECURED POSTPETITION
FINANCING ON A SUPERPRIORITY BASIS PURSUANT TO  11 U.S.C. § 364,
AND (II) GRANTING ADEQUATE PROTECTION
<u>PURSUANT TO  11 U.S.C. §§ 363 AND 364</u>**

     **COMES NOW** the above named Debtor and moves this Court on for entry of an Order (the "**Order**") (i) authorizing postpetition financing on a secured and superpriority basis pursuant to section 364 of Title 11, United States Code (the "**Bankruptcy Code**"); and (ii) granting adequate protection pursuant to sections 363 and 364 of the Bankruptcy Code.  In support hereof, the Debtor respectfully shows the Court the following:

JURISDICTION

     1.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),(D),(K),(M),(N) and (O). Venue of this chapter 11 case in this district is proper under 28 U.S.C. §§ 1408 and 1409.

     2.     The statutory bases for the requested relief are 11 U.S.C. §§ 105(a), 364 and FED. R. BANKR. P. 2002, 4002(c) and 9014.

**BACKGROUND**

3. On March 13, 2014, Rynard Properties Ridgecrest, LP (hereinafter referred to as the "**Debtor**") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

4. The Debtor owns a 256 unit multifamily housing facility located at 2881 Rangeline Road in Memphis, Shelby County, Tennessee (the "**Project**") and is believed to be worth at least $6 million. The Project is believed to be encumbered by three (3) prepetition liens – (i) a deed of trust in favor of Federal National Mortgage Association ("**FNMA**"); (ii) a subordinate deed of trust in favor of Tennessee Housing Development Agency ("**THDA**") and (ii) a mechanics' and materialmens' lien in favor of Tie Construction ("**Tie**"). FNMA's claim is expected to be no more than $4,881.542.78[1]; THDA's claim in the amount of $2,947,279 is expected to remain as a subordinate mortgage upon the Project; and Tie's construction lien is estimated to have a value of, at most, $226,186.38,000.

5. On August 22, 2014, counsel for the Debtor received a letter from Paragon Bank/Pathways Lending ("**Lenders**") which is attached hereto as **Exhibit 1**, to arrange for and extend up to $6 million in postpetition debtor-in-possession financing to, among other things, refinance the FNMA indebtedness, to establish reserves for the debt service and capital improvements at the Project and to provide funding for the payment of the claims of Tie (the "**Refinancing**").

---

[1] FNMA has filed a proof of claim reflecting a secured claim in the amount of $4,881.542.78. The Debtor disputes certain portions of FNMA's claim; however, the financing proposed herein is sufficient to satisfy the FNMA claim in full. The Debtor reserves the right to escrow the disputed portion of the FNMA claim pending this Court's determination of the appropriate amount of said claim.

2

12. One condition of the Refinancing is that Lenders be granted a first priority lien on all assets of the Debtor as necessary to provide adequate protection which would include the necessity of the subordination of existing liens on the property.

**SUMMARY OF RELIEF REQUESTED**

13. Accordingly, by this Motion, the Debtor seeks entry of an order authorizing, pursuant to sections 105, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d)(1) of the Bankruptcy Code and Rules 2002, 4001(c) and 9014 of the Bankruptcy Rules, the Debtor, inter alia, (i) to obtain the Refinancing from the Lenders; (ii) to grant Lenders, pursuant to sections 364(c) and 364(d) of the Bankruptcy Code, security interests in all of the Debtor's presently owned and after-acquired real and personal property to secure the Debtor's obligations under the Refinancing, and (iii) to grant the Lenders, pursuant to section 364(c) of the Bankruptcy Code, priority in payment with respect to such obligations over any and all administrative expenses of the kinds specified in sections 503(b) and 507(b), including, without limitation any such prior liens in favor of FNMA, THDA and/or Tie.

**PROPOSED POSTPETITION FINANCING**

*The Critical Need for Postpetition Financing*

14. The Debtor's reorganization efforts hinge on access to adequate postpetition financing. The Debtor must obtain additional financing to complete certain capital improvements and repairs at the Project. Under the prior FNMA financing, certain capital expenditure reserves were created for this purpose; however, FNMA has swept those reserves and the Debtor does not currently have sufficient funding to complete the repairs and improvements.

15. In light of the foregoing, the Debtor anticipates severe consequences absent this Court's approval of the Refinancing. Accordingly, the Debtor has determined, in the exercise of

its reasonable business judgment and in consultation with its professionals, that it requires the Refinancing.

16. The Debtor believes that authorization of a financing facility at the contemplated $6 million level will enable it to completely refinance the FNMA and Tie indebtedness and provide it with sufficient liquidity to ensure that necessary repairs and improvements to the Project may be made.

*Overview of Proposed Refinancing*

17. Based on the Debtor's searches for financing and its inability to attract capital or investors, the Debtor believe that the terms and conditions of the Refinancing are reasonable under the circumstances. The Debtor has not found any meaningful interest in an extension of unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense, or secured solely by liens and security interests junior to those of FNMA, THDA and Tie.

18. Pursuant to the Refinancing, Lenders have agreed to provide the Debtor with a $6 million credit facility. As could be expected in the Debtor's current financial situation, the Lenders will require that the Refinancing (i) be secured by liens on the Debtor's unencumbered property and entitled to superpriority administrative expense status pursuant to section 364(c) of the Bankruptcy Code and otherwise over all administrative expenses of the kinds specified in sections 503(b) and 507(b) of the Bankruptcy Code; and (ii) secured by first priority senior priming liens on the Debtor's assets, including without limitation those which presently secure the Debtor's obligations to FNMA, THDA and Tie.

19. A brief summary of certain of the key provisions of the Refinancing is as follows. The Court and parties in interest, however, are respectfully referred to the Interim Order and **Exhibit 2** for a full recitation of the terms and conditions of the Refinancing.

| | |
|---|---|
| Borrower: | Rynard Properties Ridgecrest, L.P. |
| Lender: | Paragon National Bank |
| Commitment and Purpose: | A senior loan of $6 million to be used to refinance the Project and to establish reserves. |
| Interest Rate: | 6 %. |
| Term: | Ten Years. |
| Payments: | 25 year AM |
| Priority and Liens: | All borrowings under the Postpetition Financing shall at all times: |

(a) be entitled to administrative expense claim status in the Debtor's Bankruptcy case pursuant to section 364(c)(1) of the Bankruptcy Code having priority over all administrative expenses of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code;

(b) be secured, pursuant to section 364(c)(2) of the Bankruptcy Code, by a first priority, perfected Lien upon all of the Debtors' right, title and interest in, to and under all Collateral that is not otherwise encumbered by a validly perfected security interest or lien on the Petition Date; and

(c) be secured, pursuant to section 364(d)(1) of the Bankruptcy Code, by a first priority, senior, priming, perfected Lien upon all of the Debtor's right, title and interest in, to and under the all assets, including, without limitation, the pre- and post-petition collateral held by FNMA, THDA and Tie.

Fees:

506(c) Claim:    No cost or expense which is incurred in connection with or on account of the preservation and/or disposition of any collateral or which otherwise could be chargeable to Lenders or the collateral pursuant to section 506(c)

of the Bankruptcy Court or otherwise, shall be chargeable to Lenders or the collateral or otherwise by the Debtor or any other party in interest including any subsequently appointed Chapter 7 Trustee.

Events of Defaults:   The Refinancing provides for events of default customarily found in debtor-in-possession financing agreements, including, among other things, Debtor's failure to pay any interest or fees when due and failure to cure such default within any applicable cure period.

### BASIS FOR APPROVAL OF THE POSTPETITION FINANCING

20.    Section 364 of the Bankruptcy Code authorizes this Court to allow the Debtor to obtain postpetition financing from Lenders in the manner contemplated in the Refinancing. As described above, as security for all borrowings under the Refinancing, the Debtor proposes to grant the Lenders a superpriority administrative claim and a first priority lien on and a first priority security interest in the Debtor's unencumbered property, and a senior priority priming interest in the Debtor's assets, including without limitation those which are subject to the liens of FNMA, THDA and Tie; provided, however, the obligations to FNMA and Tie will be satisfied with the proceeds of the Refinancing.

21.    Such relief is authorized pursuant to sections 364(c)(1), 364(c)(2), 364(c)(3) and 364(d) of the Bankruptcy Code, which provide:

> if the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expenses, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt-
> (1)    with priority over any and all administrative expenses of the kind specified in section 503(b) and 507(b) of this title;
> (2)    secured by a lien on property of the estate that is not otherwise subject to a lien;
> (3)    secured by a junior lien on property of the estate that is subject to a lien.

11 U.S.C. §§ 364(c), 364(d)(1).

22. The Debtor submits that the terms and conditions of the Refinancing are fair and reasonable and are the result of good faith negotiations between the Debtor and Lenders. Accordingly, Lenders should be accorded the benefits of section 364(e) of the Bankruptcy Code in respect of the Refinancing as having been extended in good faith.

24. As stated above, it is essential to the continued operation of the Debtor's business that it be authorized by this Court to obtain the financing in the requested amount. The Debtor does not have sufficient cash to fund necessary repairs and capital improvements. In the absence of postpetition financing, the Debtor's attempts to preserve the value of the estate would be jeopardized.

25. Debtor believe that the terms and conditions of the Refinancing represent the most favorable option for postpetition financing and, for all of the foregoing reasons, are in the best interests of the Debtor, its estate and its creditors. Accordingly, the Debtor respectfully requests that, after a hearing on the Motion, the terms and provisions of the Refinancing be implemented and approved in an aggregate amount of $6 million, on the terms and subject to the conditions set forth in the **Exhibit 1.**

26. As is apparent from the foregoing, the relief requested in this Motion is necessary, appropriate and fully warranted, and is essential to avoid immediate and irreparable harm to the Debtor, its estates and its creditors.

## NOTICE

27. Notice of the filing and a copy of this Motion have been served via email, facsimile, hand or overnight delivery to the United States Trustee, , and counsel for FNMA, THDA and Tie, and to all creditors listed on the most current version of the mailing matrix in this case.

**WHEREFORE**, Debtor respectfully requests that the Court authorize the Debtor, inter alia, to obtain financing pursuant to the Refinancing and grant such further relief as is just and proper.

DATED: August 29, 2014                    Respectfully submitted,

/s/ Toni Campbell Parker
Toni Campbell Parker, TN # 6984
Attorney for Debtor
615 Oakleaf Office Lane
P.O. Box 240666
Memphis, TN  38124-0666
901-483-1020
866-489-7938 (fax)
Tparker002@att.net

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent to the entities or individuals listed below via first class U.S. mail, postage prepaid, hand delivery, facsimile or e-mail this the 29th day of August, 2014.

Geoff Treece, Counsel for Fannie Mae

United States Trustee
200 Jefferson, 4th Floor
Memphis, TN  38103

James E. Bailey III, Counsel for Renasant Bank

Michael T. Hartsfield, Counsel for Tie Construction

All Creditors on the current mailing matrix of Debtor

/s/ Toni Campbell Parker