**Dated: October 01, 2015**
**The following is ORDERED:**

_____
**Jennie D. Latta**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

In re

RYNARD RIDGECREST PROPERTIES, LP,                    Case No. 14-22674-jdl
    Debtor.                                          Chapter 11

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
### CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION

THIS PROCEEDING came before the Court for hearing on August 10, 2015 (the

"Confirmation Hearing")[1] upon consideration of the Chapter 11 Plan of Reorganization, filed by

the above-captioned debtor and debtor-in-possession (herein, the "Debtor")(Doc. No. 90) (the

"Plan"), as further amended pursuant to the terms of this order confirming the Plan (the

"Confirmation Order") described on the record of the Confirmation Hearing and in this

Confirmation Order.   Based upon the Plan, as amended at the Confirmation Hearing; the

Disclosure Statement & Summary of Plan (Doc. No. 89)(the "Disclosure Statement"); and it

appearing that due notice of the Confirmation Hearing has been given to holders of Claims

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them 11 U.S.C. § 101 or in the
Plan, as applicable.

against the Debtor and all other parties-in-interest in accordance with the Order Approving

Disclosure Statement, Fixing Time for Filing Objection, Fixing Time for Filing Acceptances or

Rejections of Plan and Fixing Date for Pretrial Conference Hearing on Confirmation of Plan

(Doc. No. 107)(the "Disclosure Statement Order"); the Bankruptcy Code and the Bankruptcy

Rules; and the Pre-Confirmation Tally of Ballots filed March 11, 2015 (Doc. No. 123)(the "Vote

Certification"); and the testimony of Randolph Word, Pierce Ledbetter, John Bartle and Carol

King and the Court having reviewed the Plan and the Disclosure Statement; and upon all of the

evidence adduced and the arguments of counsel made at the Confirmation Hearing; and upon the

entire record in the Debtor's Chapter 11 Case, including all exhibits introduced into evidence at

the Confirmation Hearing; and the Court having taken judicial notice of the papers and pleadings

on file in the Chapter 11 Case; and after due deliberation and sufficient cause appearing therefor,

this Court hereby makes the following Findings of Fact, Conclusions of Law and Order in

accordance with FED. R. BANKR. P. 7052.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.    JURISDICTION AND VENUE**. This Court has jurisdiction over the Chapter 11

Case pursuant to 28 U.S.C. §§ 157 and 1334. The Confirmation Hearing is a "core proceeding"

pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has jurisdiction and the

Constitutional authority to enter a Final Order with respect thereto. Venue of the Chapter 11

Case in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtor is eligible for

relief under section 109 of the Bankruptcy Code.

**B.    JUDICIAL NOTICE**. The Court takes judicial notice of the docket of the

Debtor's Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all

pleadings and other documents filed, all orders entered, and the transcripts of, and all evidence

ButlerSnow27313674v1
ButlerSnow27313674v4

and arguments made, proffered or adduced at, the hearings held before the Court during the

pendency of the Chapter 11 Case.

      C.    **NOTICE OF CONFIRMATION HEARING**. Notice of the Confirmation

Hearing and the relevant deadlines for submission of objections and ballots, as prescribed by this

Court has been provided and such notice is adequate and sufficient pursuant to section 1128 of

the Bankruptcy Code, Bankruptcy Rules 2002(b) and 3020(b) and other applicable law and rules.

      D.    **TRANSMISSION OF BALLOTS**. Ballots were transmitted to holders of

Claims in Classes eligible to vote on the Plan in accordance with the this Court's orders.

      E.    **GOOD FAITH FORMULATION AND SOLICITATION**. The Debtor has

acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code,

pursuant to section 1125(e) of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018, with

respect to the formulation of the Plan, the solicitation of acceptances with regard thereto and the

property to be distributed thereunder. Pursuant to section 1125(e) of the Bankruptcy Code, the

transmittal of solicitation materials, the solicitation of acceptances of the Plan and the offering,

issuance and distribution of consideration pursuant to the Plan are not, and will not be, governed

by or subject to any otherwise applicable law, rule or regulation governing the solicitation of

acceptance of a plan of reorganization or the offer, issuance or purchase of securities.

      F.    **COMPLIANCE WITH THE REQUIREMENTS OF SECTION 1129 OF
THE BANKRUPTCY CODE**. As set forth more fully herein, the Debtor has met his burden of

proving the elements of sections 1129(a) of the Bankruptcy Code by a preponderance of

evidence, which is the applicable evidentiary standard.

        1.    **Section 1129(a)(1) - Compliance of the Plan with Applicable Provisions
of the Bankruptcy Code.**

The Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code, including, without limitation, sections 1122 and 1123 of the Bankruptcy Code. Therefore, the Plan satisfies the requirements of section 1129(a)(1) of the Bankruptcy Code.

### a.    Sections 1122 and 1123(a)(1) - (4) - Classification and Treatment of Claims and Interests.

Pursuant to sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, the Plan designates Classes of Claims and Interests, Administrative Claims and Priority Tax Claims against the Debtor. As required by section 1122(a) of the Bankruptcy Code, each Class of Claims or Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class. Pursuant to sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code, the Plan identifies all Classes of Claims and Interests that are impaired or not impaired under the Plan and specifies the treatment of all Classes of Claims and Interests that are impaired under the Plan.  Pursuant to section 1123(a)(4) of the Bankruptcy Code, the Plan also provides the same treatment for each Claim or Interest within a particular Class, unless the holder of a Claim or Interest agrees to less favorable treatment of its Claim or Interest.  Therefore, the Plan satisfies the requirements of sections 1122 and 1123(a)(1) through (4) of the Bankruptcy Code.

### b.    Section 1123(a)(5) - Adequate Means for Implementation of the Plan.

The Plan provide adequate means for implementing the Plan, including, among other things, (i) approval of settlements; (ii) preservation of causes of action; (iii) the vesting of the assets in the reorganized Debtor; and (iv) refinancing efforts described in the Plan.  The Debtor will have, upon the Effective Date of the Plan, sufficient Cash to make all payments required to

ButlerSnow27313674v1
ButlerSnow27313674v4

be made pursuant to the terms of the Plan. Accordingly, the Plan satisfies the requirements of

section 1123(a)(5) of the Bankruptcy Code.

     **c.**      **Section 1123(a)(6) - Prohibition Against the Issuance of Non-voting Equity Securities and Adequate Provisions for Voting Power of Classes of Securities.**

No non-voting equity securities will be issued pursuant to the Plan or at any time in the

future with respect to the Debtor. Accordingly, the Plan complies with the requirements of

section 1123(a)(6) of the Bankruptcy Code.

     **d.**      **Section 1123(a)(7) - Selection of Directors, Officers or Plan Trustee in a Manner Consistent with the Interests of Creditors and Equity Security Holders and Public Policy.**

Section 1123(a)(7) requires that a plan "contain only provisions that are consistent with

the interests of creditors and equity security holders and with public policy with respect to the

manner of selection of any officer, director, or trustee under the plan and any successor to such

officer, director, or trustee." 11 U.S.C. § 1123(a)(7). The Debtor is not a corporate debtor, thus,

Section 1123(a)(7) is inapplicable; however, the Plan does contain certain management selection

and control features which are consistent with and supported by the holders of equity interests in

the Debtor.

     **e.**      **Section 1123(b)(1)-(2) - Impairment of Claims and Interests and Assumption, Assumption and Assignment or Rejection of Executory Contracts and Unexpired Leases.**

In accordance with section 1123(b)(1) of the Bankruptcy Code, the Plan impairs or leaves

unimpaired, as the case may be, each Class of Claims or Interests. In accordance with section

1123(b)(2) of the Bankruptcy Code, the Plan provides for the assumption and/or rejection of

executory contracts and unexpired leases of the Debtor pursuant to section 365 of the Bankruptcy

ButlerSnow27313674v1
ButlerSnow27313674v4

Code and appropriate authorizing orders of this Court. Therefore, the Plan complies with section 1123(b)(1) and (2) of the Bankruptcy Code.

### f.  Section 1123(b)(3) - Retention, Enforcement and Settlement of Claims Held by the Debtor.

In accordance with section 1123(b)(3) of the Bankruptcy Code, the Plan provides for the settlement or adjustment of claims belonging to the Debtor or the estate. Therefore, the Plan satisfies section 1123(b)(3) of the Bankruptcy Code.

### g.  Section 1123(b)(5) - Modification of the Rights of Holders of Claims.

The Plan modifies or leaves unaffected, as the case may be, the rights of holders of each Class of Claims and Interests and, therefore, the Plan satisfies section 1123(b)(5) of the Bankruptcy Code.

### h.  Section 1123(b)(6) - Consistency with the Bankruptcy Code.

The Plan contains no provision that is inconsistent with the applicable provisions of the Bankruptcy Code and, therefore, satisfies section 1123(b)(6) of the Bankruptcy Code.

### 2.  Section 1129(a)(2) - Compliance with Applicable Provisions of the Bankruptcy Code.

The Debtor has complied with the applicable provisions of the Bankruptcy Code with respect to the Plan as required by section 1129(a)(2) of the Bankruptcy Code. The Disclosure Statement and the procedures by which the Ballots for acceptance or rejection of the Plan were solicited and tabulated were fair, properly conducted and in accordance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018 and the Solicitation Procedures Order. Therefore, the Debtor has satisfied the requirements of section 1129(a)(2) of the Bankruptcy Code.

ButlerSnow27313674v1
ButlerSnow27313674v4

### 3.    Section 1129(a)(3) - Proposal of the Plan in Good Faith.

The Plan has been negotiated at arms' length and was formulated and proposed in good

faith and not by any means forbidden by law, as evidenced by, among other things, the totality of

the circumstances surrounding the formulation of the Plan and the reasonable likelihood that the

Plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

The Debtor and the Debtor's professionals, the creditors and all other parties in interest that have

participated in the plan process and negotiated the Plan have acted in "good faith" in connection

with the Plan within the meaning of section 1125(e) of the Bankruptcy Code. Therefore, the Plan

satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code.   Additionally, other

than the objection of Fannie Mae – which objection has been resolved – no timely objection to

confirmation of the Plan has been filed by any party in interest and, pursuant to FED. R. BANKR.

P. 3020(b), the Court finds that the Plan has been proposed in good faith and not by any means

forbidden by law.

### 4.    Section 1129(a)(4) - Bankruptcy Court Approval of Certain Payments as Reasonable.

Any payments made or to be made by the Debtor under the Plan for services or for costs

and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and

incident to the Chapter 11 Case, have been approved by, or will be subject to the approval of this

Court as reasonable. Therefore, the Plan satisfies the requirements of section 1129(a)(4) of the

Bankruptcy Code.

### 5.    Section 1129(3)(5) - Disclosure of Identity of Proposed Management, Compensation of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy.

The Debtor, modified the Plan at the Confirmation Hearing with respect to the identity

and roles of certain key insiders and management personnel which provisions are set forth below

in paragraph 19 and which such provisions satisfy the requirements of section 1129(a)(3) of the Bankruptcy Code.

### 6.      Section 1129(a)(6) - Approval of Rate Changes.

Section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Plan because, after the Effective Date, there are no rate changes provided for in the Plan for which a governmental regulatory commission will have jurisdiction over the Debtor after confirmation of the Plan.

### 7.      Section 1129(a)(7) - Best Interests of Holders of Claims and Interests.

With respect to each impaired Class of Claims or Interests, each holder of a Claim or Interest in such impaired Class (i) has accepted the Plan; (ii) will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date; or (iii) has agreed to receive less favorable treatment. Therefore, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

### 8.      Section 1129(a)(8) - Acceptance of the Plan by Each Impaired Class.

As reflected in the Vote Certification, each impaired Class has voted to accept the Plan. Notwithstanding the dispute between the Debtor and Fannie Mae concerning Fannie Mae's alleged impairment, Fannie Mae has withdrawn its objection the Plan, as amended.

### 9.      Section 1129(a)(9) - Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.

Except to the extent that the holder of a particular Allowed Claim has agreed to a different treatment of such Claim, the Plan, as modified by the provisions of this Confirmation Order, provides that Allowed Administrative Claims, Priority Tax Claims and Priority Claims

ButlerSnow27313674v1
ButlerSnow27313674v4

against the Debtor will be treated in accordance with section 1129(a)(9) of the Bankruptcy Code.

Therefore, the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

### 10. Section 1129(a)(10) - Acceptance By at Least One Impaired, Non-Insider Class.

As indicated in the Vote Certification, at least one of the Classes of Claims that is impaired under the Plan has voted to accept the Plan, which acceptance has been determined without including any acceptance of the Plan by any insider of the Debtor. Therefore, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

### 11. Section 1129(a)(11) - Feasibility of the Plan.

The Debtor will have Cash in an amount necessary to ensure that the holders of Allowed Claims, Allowed Administrative Claims and Allowed Priority Tax Claims receive the distributions required under the Plan. Accordingly, confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor except as contemplated by the Plan. Therefore, the Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

### 12. Section 1129(a)(12)- Payment of Bankruptcy Fees.

The Plan provides that all fees due and payable pursuant to section 1930 of Title 28 of the United States Code shall be paid on the Effective Date or when otherwise due. Therefore, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

### 13. Section 1129(a)(13) - Continuation of Retiree Benefits.

The Debtor does not have any "retiree benefits" programs, as such term is defined in section 1114 of the Bankruptcy Code and, therefore, section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

9

### 14.  No Domestic Support Obligations – Section 1129(a)(14).

The Debtor is not required by a judicial or administrative order, or by statute, to pay domestic support obligations. Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

### 15.  Section 1129(a)(15)

The Debtor is not an individual; therefore, the requirements of section 1129(a)(15) of the Bankruptcy Code are inapplicable to this Chapter 11 Case.

### 16.  No Applicable Nonbankruptcy Law Regarding Transfers – Section 1129(a)(16)

The transfers under the Plan comply with applicable nonbankruptcy law, and the Plan therefore satisfies the requirements of section 1129(a)(16) of the Bankruptcy Code.

### 17.  Section 1129(b) - Confirmation of the Plan over the Non-Acceptance of Impaired Classes.

Pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding that a non-accepting class is impaired or is deemed not to have accepted the Plan pursuant to section 1126(g) of the Bankruptcy Code. All Impaired Classes have voted to accept the Plan.  Therefore, section 1129(b) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.  To the extent that Fannie Mae's Claim may be considered impaired, Fannie Mae has agreed to the amendments to the Plan proposed by the Debtor at the Confirmation Hearing and, irrespective of such agreement, the Plan satisfies the requirements for confirmation over Fannie Mae's objection in accordance with section 1129(b) of the Bankruptcy Code.

### 18.  Bankruptcy Rule 3016(a).

The Plan is dated and identifies the Debtor as the proponent of the Plan.

### 19.  Compliance with Bankruptcy Rule 3016(c).

10

In accordance with Bankruptcy Rule 3016(c), the Plan describe in specific and conspicuous language all releases and acts to be enjoined and identifies the entities that would be subject to such releases and injunctions.

**20.    Section 1129(c) - Only One Plan.**

Other than the Plan (including previous versions thereof), no other plan has been filed in this Chapter 11 Case. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

**21.    Section 1129(d) - Principal Purpose of the Plan.**

No party in interest that is a governmental unit has requested that the Plan not be confirmed on the grounds that the primary purpose of the Plan is the avoidance of taxes or the avoidance of application of Section 5 of the Securities Act of 1933, and the primary purpose of the Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933. Therefore, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

**G.    BURDEN OF PROOF**. The Plan Proponent has met the burden of proving the elements of sections 1129(a) of the Bankruptcy Code by a preponderance of evidence, which is the applicable evidentiary standard in this case.

**H.    SATISFACTION OF CONDITIONS PRECEDENT TO CONFIRMATION**.

The conditions precedent to the Effective Date of the Plan have been, or are reasonably likely to be, satisfied.

**I.    MODIFICATIONS CONTAINED IN THE PLAN**. The modifications to the Plan announced at the Confirmation Hearing and contained herein at paragraph 19 and to which

Fannie Mae has consented do not materially adversely change the treatment afforded Creditors other than Fannie Mae, and do not require resolicitation of any Class.

**J.**     **SETTLEMENTS, COMPROMISES AND CLAIMS ESTIMATION**. The compromises, settlements, and claims estimations provided for in the Plan are fair, adequate and reasonable under all of the circumstances and meet the applicable standards for settlements and claims estimations under Bankruptcy Rule 9019 and section 502(c) of the Bankruptcy Code, and controlling Sixth Circuit law.  All holders of Claims and Interests have received adequate notice of the settlements, compromises, and claims estimations and have had a sufficient opportunity to object to such compromises, settlements, and claims estimations.

**K.**     **EXEMPTIONS FROM TAXATION**. Pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer, under the Plan, including, specifically, but without limitation, (a) the instruments necessary to consummate the refinancing transactions and (b) sales occurring on or after the date hereof, shall be entitled to the tax treatment provided by section 1146(c) of the Bankruptcy Code and each recording or other agent of any governmental office shall record any such documents of issuance, transfer, or exchange without any further direction or order from this Court.

**L.**     **ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The assumption and rejection of executory contracts or unexpired leases, as contemplated by the Plan, shall be legal, valid and binding upon the Debtor and all non-debtor parties to such executory contract or unexpired lease, all to the same extent as if such assumption or rejection had been effectuated pursuant to an appropriate authorizing order of this

ButlerSnow27313674v1
ButlerSnow27313674v4

Court entered before the Confirmation Date under section 365 of the Bankruptcy Code. Further, the Plan satisfies the requirements of section 365(b) of the Bankruptcy Code.

**M.**     **EXCULPATION.** The evidence presented in connection with the Confirmation Hearing and the record of this Chapter 11 Case establishes that the exculpation described and contained in the Plan is fair and necessary to the effective reorganization of the Debtor, and that the parties receiving the benefit of the exculpation described and contained in the Plan either have made substantial contributions toward the reorganization of the Debtor or have had substantial contributions made on their behalf, which are integral to the effectuation of the Plan and the consummation of the transactions contemplated therein. All holders of Claims and Interests received adequate notice of the exculpation described in the Plan and had sufficient opportunity to object to such provision.

**N.**     **RETENTION OF JURISDICTION**. This Court properly may retain jurisdiction over the matters set forth in the Article of the Plan entitled "*RETENTION OF JURISDICTION*."

**O.**     **RULINGS AT THE CONFIRMATION HEARING**. The Court incorporates by reference all findings of fact and conclusions of law set forth on the record at the Confirmation Hearing as if set forth fully herein in accordance with FED. R. BANKR. P. 7052.

**P.**     **SUFFICIENCY OF NOTICE**. The Court finds that the notice provided of the Plan and the Confirmation Hearing is adequate and sufficient under the particular facts and circumstances of this Chapter 11 Case and that notice satisfying the requirements of due process has been provided to all creditors and interested parties.

**ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

ButlerSnow27313674v1
ButlerSnow27313674v4

1.      Plan Confirmation. The Plan, as modified herein or on the record of the Confirmation Hearing, is confirmed in each and every respect pursuant to section 1129 of the Bankruptcy Code. The treatment of Claims and Interests as provided in the Plan is approved.

2.      Authorization to Act. The Plan and any amendments, modifications and supplements thereto and all documents and agreements introduced into evidence at the Confirmation Hearing (including all exhibits and attachments thereto), and the execution, delivery and performance thereof by the Debtor, are authorized and approved.

3.      Confirmation Order Controlling. If there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

4.      Objections. To the extent that any objections to confirmation of the Plan have not been withdrawn prior to entry of this Confirmation Order or otherwise resolved as stated on the record of the Confirmation Hearing, all such objections are hereby overruled. Objections to confirmation of the Plan that have been withdrawn shall be, and they hereby are, deemed withdrawn with prejudice.

5.      Binding Effect of Plan. Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, subject to the occurrence of the Effective Date, the provisions of the Plan shall bind any holder of a Claim against, or Interest in, the Debtor, the Estate and their respective successors or assigns, whether or not the Claim or Interest of such holder is impaired under the Plan, whether or not such holder has accepted the Plan and whether or not the holder has filed a Claim. The rights, benefits and obligations of any Person named or referred to in the Plan, whose actions may be required to effectuate the terms of the Plan, shall be binding on and shall inure to the benefit of any heir, executor, administrator,

ButlerSnow27313674v1
ButlerSnow27313674v4

successor or assign of such Person (including, without limitation, any trustee appointed for the Debtor under chapters 7 or 11 of the Bankruptcy Code).

6.      <u>Continuation of Existing Injunctions and Stays</u>. Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays provided for in the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code, the Plan, by orders of the Bankruptcy Court, or otherwise, and extant on the Confirmation Date, shall remain in full force and effect until the entry of the Final Decree.

7.      <u>Corporate Action</u>. On the Effective Date, the matters under the Plan involving or requiring action of the Debtor or execution of any documentation incident to the Plan, shall be deemed to have been authorized by this Confirmation Order and to have occurred and be in effect from and after the Effective Date without any further action by the Bankruptcy Court.

8.      <u>Vesting of Assets in the Debtor</u>. Except as otherwise provided in the Plan or any amendment to the Plan, upon confirmation of the Plan, all assets and property of the estate under section 541 of the Bankruptcy Code shall vest in, and constitute Assets of, the Debtor free and clear of any lien, claim, charge, interest or encumbrance.

9.      <u>Preservation of All Causes of Action</u>.  Except as otherwise provided in the Plan, any amendment to the Plan or in any contract, instrument, release or agreement entered into in connection with the Plan, in accordance with section 1123(b) of the Bankruptcy Code, the Debtor shall be vested with, retain, and may exclusively enforce and prosecute any claims or Causes of Action that the Debtor or the Estate may have against any Person. The Debtor may pursue such retained claims or Causes of Action in accordance with the best interests of the Debtor, the Creditors or the Estate.

ButlerSnow27313674v1
ButlerSnow27313674v4

10.     <u>Reservation of Rights to Object to Claims</u>. Unless a Claim or Interest is expressly described as an Allowed Claim or Allowed Interest pursuant to or under the Plan, or otherwise becomes an Allowed Claim or Allowed Interest prior to the Effective Date, upon the Effective Date, the Debtor shall be deemed to have a reservation of any and all rights, interests and objections of the Debtor, to any and all Claims or Interests and motions or requests for the payment of or on account of Claims or Interests, whether administrative expense, priority, secured or unsecured, including without limitation any and all rights, interests and objections to the validity or amount of any and all alleged Administrative Claims, Priority Tax Claims, Priority Claims, Secured Claims, Unsecured Claims, Subordinated Claims, Interests, Liens and security interests, whether under the Bankruptcy Code, other applicable law or contract.

11.     <u>Objection to Claims</u>. As provided in the Plan, the Debtor shall have the right to pursue any objection to the allowance of any Claim or Interest and retains responsibility for administering, disputing, objecting to, compromising, or otherwise resolving and making distributions, if any, with respect to all Claims and Interests.

12.     <u>General Authority</u>. The Debtor is authorized to execute such documents, and take such other actions, as are necessary to effectuate the transactions provided for in the Plan including, specifically, but without limitation, the execution of any and all documents necessary to consummate the closing of the refinancing of the Fannie Mae indebtedness described in the Plan.

13.     <u>Tax Exemption</u>. Pursuant to section 1146 of the Bankruptcy Code, the issuance, transfer or exchange of any security, or the execution, delivery or recording of an instrument of transfer on or after the Confirmation Date shall be deemed to be made pursuant to and under the Plan, including, without limitation, any such acts by the Debtor necessary to consummate the

ButlerSnow27313674v1
ButlerSnow27313674v4

refinancing transaction, and shall not be taxed under any law imposing a stamp tax, transfer tax or similar tax or fee. Consistent with the foregoing, each recorder of deeds or similar official for any county, city or governmental unit in which any instrument hereunder is to be recorded shall, pursuant to this Confirmation Order and the Plan, be ordered and directed to accept such instrument, without requiring the payment of any documentary stamp tax, deed stamps, stamp tax, transfer tax, intangible tax or similar tax.

14.    <u>Headings Not Controlling</u>. The headings contained within this Confirmation Order are used for the convenience of the parties and shall not alter or affect the meaning of the text of this Confirmation Order.

15.    <u>Non-Severability</u>. Except as specifically provided herein, the terms of the Plan constitute interrelated compromises and are not severable, and no provision of the Plan may be stricken, altered, or invalidated, except by amendment to the Plan by the Debtor.

16.    <u>References to Plan provisions</u>. Failure specifically to include or reference particular sections or provisions of the Plan or any related agreement in this Confirmation Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent of the Court that the Plan be confirmed and such provisions and related agreements be approved in their entirety.

17.    <u>Substantial Consummation</u>. The substantial consummation of the Plan, within the meaning of section 1127 of the Bankruptcy Code, is deemed to occur on the Effective Date. Further, the provisions of Rule 62 of the Federal Rules of Civil Procedure as applicable pursuant to Bankruptcy Rule 7062, and Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order and the Debtor is authorized, but not directed, to consummate the Plan immediately upon entry of this Confirmation Order.

ButlerSnow27313674v1
ButlerSnow27313674v4

18.    <u>Bar Date for Administrative Claims</u>. Except as otherwise provided in the Plan or this Confirmation Order, and except for Professional Claims, which are addressed below, unless previously filed, requests for payment of Administrative Claims must be filed and served on counsel for the Debtor, no later than (a) twenty (20) days after a notice of the Effective Date is filed with the Court and served, or (b) such later date, if any, as this Court shall order upon application made prior to the end of such 20-day period. Holders of Administrative Claims (including, without limitation, the Holders of any Claims, for federal, state or local taxes, but excluding Professional Claims) that are required to file a request for payment of such Claims and that do not file such requests by the applicable bar date shall be forever barred from asserting such Claims against the Debtor, or any of his Property. Notwithstanding the foregoing, any bar dates established during the course of this Chapter 11 Case shall remain in full force and effect. All objections to allowance of Administrative Claims (excluding Professional Claims) must be filed by any parties in interest no later than the 21st day following the date on which the application was filed or such other date as the Bankruptcy Court may fix.

19.    <u>Modifications to Plan.</u>

A.    <u>Fannie Mae Modifications</u>. Notwithstanding any provision to the contrary in the Plan or this Confirmation Order, Section C., 1., b., <u>*Class 1 – FNMA*</u>[2], of the Plan is amended and the treatment provided for the claims of Fannie Mae in the Plan is approved and shall be as follows:

    **b.    <u>Class 1 – FNMA</u>.**  The FNMA Secured Claim, as ultimately allowed by the Court, together with interest, attorneys' fees and costs and other fees and charges due and payable under the FNMA Loan Documents, each as allowed by the Court as of the Effective Date, shall be satisfied and paid in full on the Maturity Date.

---

[2] FNMA is now known as Fannie Mae.  References or definitions herein referring to FNMA shall be deemed to be made to Fannie Mae.

ButlerSnow27313674v1
ButlerSnow27313674v4

i.    From and after the Effective Date and through and including the Maturity Date, regular monthly payments shall be made to FNMA on the tenth (10th) day of each month that are equal to (a) the amount necessary to amortize the Allowed FNMA Secured Claim, including any reasonable attorneys' fees and other charges due under the FNMA Loan Documents each as allowed by the Court, over a 30 year period; plus (b) interest at the rate of 5.6% per annum.  On the Maturity Date, all sums then due and owing to FNMA, including without limitation, the remaining amount of the Allowed FNMA Secured Claim together with interest, attorneys' fees and costs and other fees and charges due and payable under the FNMA Loan Documents that may accrue after the Effective Date shall be immediately due and payable in full.

ii.   FNMA will retain any Liens(s) on the collateral securing the FNMA Claim, up to the amount of the Allowed FNMA Secured Claim plus interest, attorneys' fees and costs and other fees and charges due and payable under the FNMA Loan Documents that may accrue after the Effective Date and only to the same extent, validity, and priority as existed on the Petition Date but not on any property acquired by the Debtor subsequent to the Petition Date except to the extent such Lien would continue in such property pursuant to section 552(b)(2) of the Bankruptcy Code, and any defaults under the Fannie Mae Loan will be cured as provided in the Plan. All of the pre-petition loan and transactional documents executed by and between the Debtor and FNMA ("FNMA Loan Documents") shall remain in full force and effect except as modified herein.

iii.  Notwithstanding anything contained herein to the contrary and unless otherwise agreed in writing by and between FNMA and the Debtor, if the Debtor fails to make any monthly payment required under the terms of this Plan to FNMA within ten (10) days of its due date or if there is any other default under the FNMA Loan Documents arising after the Effective Date (except for Debtor's obligation to pay real property taxes and assessments which may have accrued and become due and payable prior to the Effective Date) (all of the foregoing are collectively referred to as "Fannie Mae Default"), FNMA shall provide notice to the Debtor and to Renasant Bank of such default.  For avoidance of doubt, any default under the FNMA Loan Documents which arose before the Effective Date and was in existence as of the Effective Date, including, without limitation, any event, occurrence, circumstance or condition that arose prior to the Effective Date that had not been cured as of the Effective Date, shall not be considered a Fannie Mae Default.  Upon Renasant's receipt of a notice of a Fannie Mae Default, Renasant (or an affiliate of Renasant) shall, (a) at the election of Renasant, immediately be substituted as the General Partner; and (b) be permitted to cure any Fannie Mae Default within fifteen (15) business days of receipt of such notice. If the Fannie Mae Default is not cured within said fifteen (15) business days or if the FNMA Secured Claim is not satisfied and paid in full on or before the Maturity Date, FNMA shall be entitled to immediately pursue any and all of its rights and remedies under the FNMA Loan Documents and/or any applicable law against the Debtor and any collateral securing the FNMA Secured Claim, including without limitation, the foreclosure of all liens and security interests and appointment of a receiver. Nothing contained herein shall limit the rights of FNMA to immediately pursue any of its rights and remedies under the

19

FNMA Loan Documents and/or any applicable law against any third party liable under the FNMA Loan Documents for the FNMA Secured Claim.

iv. The confirmation of this Plan shall operate as an absolute bar to a subsequent filing by the Debtor of a petition for relief under the Bankruptcy Code unless the FNMA Secured Claim has been satisfied and paid in full on or before the Maturity Date as provided herein.

v. Debtor hereby irrevocably appoints and designates Toni Campbell Parker as its agent for service of process for any suit filed by FNMA to enforce its rights and remedies under this Plan, the loan documents and/or applicable law. FNMA shall also provide notice of any default or the filing of any such suit to Renasant Bank's counsel, James E. Bailey III.

vi. The foregoing provisions shall apply to and be enforceable by against past, present or future affiliates, subsidiaries, holding companies, owners, officers, directors, shareholders, employees, agents, independent contractors, attorneys or other persons or entities employed or engaged by or affiliated with Debtor, in addition to any assignee of the Debtor.

B.      *Management of the Reorganized Debtor.*   The section of the Plan entitled

"*FEASIBILITY AND MEANS OF IMPLEMENTATION OF THE PLAN. C. Management of the*

*Reorganized Debtor*" is amended and shall provide as follows:

## C.      **Management of the Reorganized Debtor.**

On or after the Effective Date, the business and affairs of the Reorganized Debtor will be managed as follows:

1. Subject to receipt of all necessary consents under the Partnership Agreement, and confirmation of the Plan, LEDIC Management Group or one of its affiliates ("LEDIC") will, as soon thereafter as practicable, succeed to all general partner responsibilities enumerated in Sections 5.8(d) and 5.8(e) of the Partnership's limited partnership agreement. Such responsibilities will be undertaken by LEDIC as the Partnership's appointed "Asset Manager" (and not as general partner) pursuant to a separately executed Asset Management Agreement having a primary term of six months (with two 3-month extensions) and providing for an Asset Management Fee of $2,500 per month.

2. The Asset Management Agreement will (a) obligate the Asset Manager to operate the Property in accordance with the Partnership Agreement and the confirmed Plan, (b) recognize and preserve all existing rights and obligations of the General Partner and Limited Partner under the terms of the Partnership Agreement and Tax Indemnity

ButlerSnow27313674v1
ButlerSnow27313674v4

Agreement, and (c) provide for the continued management of the Property by LEDIC under the terms of the Management Agreement.

3. During the term of LEDIC's tenure as Asset Manager, LEDIC will use commercially reasonable efforts, along with the General Partner and Limited Partner, to facilitate the expedited refinancing of the Property's senior mortgage debt through financial institutions with which LEDIC has existing relationships or otherwise. LEDIC will simultaneously conduct study necessary to evaluate the feasibility of substitution of its own affiliate as replacement general partner and (provided such a transaction is feasible) negotiate the terms of such substitution with the General Partner and the Limited Partner with the goal of completing the substitution simultaneously with the closing of the senior debt refinancing.

20.    <u>Retention of Jurisdiction</u>. This Court hereby retains jurisdiction of this Chapter 11 Case (a) pursuant to and for purposes of sections 105, 1123 and 1142 of the Bankruptcy Code, and (b) as set forth in the Article of the Plan entitled *"<u>RETENTION OF JURISDICTION</u>"*, which is incorporated herein by reference.

**IT IS SO ORDERED.**

**APPROVED:**

<u>/s/ Toni Campbell Parker</u>
Toni Campbell Parker (TN # 6984)
P.O. Box 240666
Memphis, TN  38124-0666
901-483-1020
***Attorney for the Debtor***

<u>/s/ Geoffrey B. Treece (w/ permission by TCP)</u>
Geoffrey B. Treece
111 Center Street
Suite 1900
Little Rock, Arkansas  72201
501-379-1735
***Attorneys for Fannie Mae***

**REQUEST FOR SERVICE**

ButlerSnow27313674v1
ButlerSnow27313674v4

The undersigned hereby requests that a true and correct copy of the foregoing be served by the Clerk upon the persons listed below upon its entry:

ALL CREDITORS AND INTERESTED PARTIES
MATRIX
UNITED STATES TRUSTEE
U.S. ATTORNEY
DEBTOR
DEBTOR'S ATTORNEY                                    /s/ James E. Bailey III

ButlerSnow27313674v1
ButlerSnow27313674v4